# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A., | Case No. 12cv1625 DMS (BLM) |
| Plaintiff, | **ORDER REMANDING ACTION TO STATE COURT** |
| vs. | |
| RICHARD M. GODETT, *et al.*, | |
| Defendants. | |

Defendant Mark D. Christenson, proceedings *pro se*, removed from state court this unlawful detainer action. The notice of removal is based on federal question jurisdiction under 28 U.S.C. Section 1331 and removal jurisdiction under 28 U.S.C. Section 1441.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. University of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566;

*see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380.  "The traditional rule of burden allocation in determining removal jurisdiction was meant to comport with what the Supreme Court has termed '[t]he dominant note in the successive enactments of Congress relating to diversity jurisdiction,' that is, 'jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of business that intrinsically belongs to the state courts in order to keep them free for their distinctive federal business.'" *Abrego Abrego*, 443 F.3d at 685, quoting *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . .." 28 U.S.C. § 1441(a).  Defendant removed this action based on federal question jurisdiction under 28 U.S.C. Section 1331, which confers "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Defendant claims federal question exists in this case because he asserts a defense under The Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220.

> [T]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. A defense is not part of a plaintiff's properly pleaded statement of his or her claim. Thus, a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.

*Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (internal quotation marks and citations omitted).

Accordingly, Defendant has not met his burden as the removing party to establish removal jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). This action is **REMANDED** to the Superior Court of the State of California for the County of San Diego (North County).

**IT IS SO ORDERED.**

DATED: July 3, 2012

_____
HON. DANA M. SABRAW
United States District Judge

- 2 -